# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-00492-TWP-MPB |
| MENARD, INC., | ) |
| Defendant. | ) |
| MENARD, INC., | ) |
| Third Party Plaintiff, | ) |
| v. | ) |
| SECURITAS SECURITY SERVICES USA, INC., | ) |
| Third Party Defendant. | ) |

## ENTRY ON PENDING MOTIONS

This matter is before the Court on three pending motions: (1) Defendant Menard, Inc.'s ("Menard") Motion to Strike Plaintiff's Affidavit (Filing No. 59) and Motion for Summary Judgment (Filing No. 40); and (3) Third Party Defendant Securitas Security Services USA, Inc.'s ("Securitas") Motion for Summary Judgment (Filing No. 42). After tripping on a cord and becoming injured while working security at a Menard's hardware store and lumber yard, Plaintiff Rebecca Thomas ("Thomas") brought this suit in state court against Menard to recover damages she incurred for her injuries. (Filing No. 1-1.) Menard removed the case to federal court (Filing No. 1) and filed a third-party complaint seeking indemnification from Securitas (Filing No. 19).

1

On February 20, 2019, both Menard and Securitas moved for summary judgment. ([Filing No. 40](#); [Filing No. 42](#)). Attached to Thomas's response to Menard's Summary Judgment Motion was an affidavit signed by Thomas dated March 27, 2019 ([Filing No. 56-1](#).) Menard moved to strike that affidavit. ([Filing No. 59](#).) For the following reasons, Menard's Motion to Strike Plaintiff's Affidavit is **denied**. Menard's Motion for Summary Judgment is **denied**. Securitas's Motion for Summary Judgment is **granted**.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Thomas as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

In January 2016, Thomas provided security services in the "guard shack" at the Menard's store in Camby, Indiana. ([Filing No. 41-1 at 2-3](#).) She was not employed by Menard; rather, she was employed by Securitas, who had contracted with Menard to provide security at the Camby store. *Id.* at 2. Thomas's job duties included checking customers in and out of Menard's lumber yard, which involved occasionally exiting and reentering her guard shack with a digital tablet to inventory merchandise purchased by customers. *Id.* at 2, 6.

The weather on January 19, 2016 was cold, and the heater in the guard shack where Thomas worked was malfunctioning. ([Filing No. 56-1 at 2](#).) Menard's First Assistant General Manager Brandy Keller provided Thomas with a replacement space heater and an extension cord for the guard shack at Thomas request. ([Filing No. 56-3 at 6](#).) Keller handed the heater and extension cord to Thomas so that she could plug the heater in anywhere in the guard shack. ([Filing No. 41-1 at 8](#); [Filing No. 56-3 at 6](#).) Thomas placed the space heater in a position that resulted in the extension

2

cord laying on the floor in front of and across the door that she used for ingress and egress when checking customers in or out of the lumber yard. (Filing No. 41-3 at 5:25:41.) None of Menard's employees made any effort to replace the space heater or cord that day or overnight so that it would not be hazardous. (Filing No. 56-1 at 3.)

The next morning, as Thomas exited the guard shack to attend to a customer, she tripped over the extension cord. *Id.* As a result of that fall, she suffered injuries to her left ankle, left wrist, and left knee. *Id.* Security camera footage of the fall shows that as she was exiting the guard shack, Thomas stepped over the cord with her right foot and picked up her tablet, but then caught her left foot on the cord, which caused her to fall. (Filing No. 41-4 at 8:54:05.)

On January 19, 2018, Thomas filed a Complaint against Menard in the Marion Superior Court, and this Court granted Menard's petition for removal. (Filing No. 1.) Menard answered the Complaint and, on August 22, 2018, filed a Third-Party Complaint against Securitas, seeking to have Securitas indemnify it for any liability. (Filing No. 19.) Securitas answered the Complaint on October 15, 2018 (Filing No. 26), and on February 20, 2019, both Menard and Securitas moved for summary judgment. (Filing No. 40; Filing No. 42.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are

supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III.    DISCUSSION

There are three pending motions before the Court: (1) Menard's Motion to Strike (Filing No. 59); (2) Menard's Motion for Summary Judgment (Filing No. 40); and (3) Securitas' Motion for Summary Judgment (Filing No. 42). The Court will address each motion separately.

**A.    Menard's Motion to Strike (Filing No. 59)**

Menard asks the Court to strike Thomas's affidavit attached to Plaintiff's Response to Defendant Menard, Inc.'s Motion for Summary Judgment (Filing No. 56-1). Menard argues that "Thomas attempts to use her Affidavit to support newly-asserted arguments in her Response that

4

she was distracted by the tablet she needed to carry and that her attention was diverted by the customer so she was unable to appreciate that the extension cord was lying across the exit door." ([Filing No. 59 at 4](#).) Menard claims the affidavit contradicts Thomas' deposition testimony.

In the disputed portion of her March 27, 2019 affidavit, Thomas affirms:

> 25. However, as I was exiting the shack, my attention was focused on meeting the customer who was pulling up to the shack in a vehicle.
>
> 26. As I was exiting the guard shack, my attention was not focused on the cord near my feet.
>
> 27. Because my attention was focused on the customer outside the shack and not on the cord on the floor, I failed to avoid the cord and tripped on it.
>
> 28. As a result of the fall, I suffered injuries to my left ankle, left wrist, and left knee.

([Filing No. 56-1 at 3](#).) Menard argues that affirmance contradicts the following testimony that Thomas gave in her October 29, 2018 deposition:

> Q. So you don't think you bear any responsibility for your fall?
>
> A. No. Only that I wish I had picked up my feet a little bit better. I mean I knew it was there. I'm not going to lie to you. But in the video, if she plays one of them a little bit better, it even shows where I picked up at least my right foot. I thought I had stepped over it. And it shows where I had picked it up even higher to make sure I stepped over that extension cord. I don't know how my left foot got lagged behind.

([Filing No. 59-1 at 16-17](#).) By contradicting her deposition testimony, Menard accuses Thomas of "attempt[ing] to create a question of fact by submitting to this Court an Affidavit containing statements that contradict the undisputed material facts as well as sworn testimony from her deposition." ([Filing No. 59 at 7](#).)

That said, Thomas points to other testimony she gave during her deposition that is consistent with her affidavit. After the excerpted portion above, Thomas testified:

> Q. So as you were exiting the guard shack, were you actively thinking about the extension cord?

A. No, I wasn't. I was just thinking about the guest that just pulled up to leave.

Q. Okay. So your thought process, at least at the time was, you were thinking about checking out the guest?

A. Correct.

([Filing No. 56-2 at 5](#).) Thomas argues that the last four paragraphs of her affidavit are consistent with this portion of her deposition testimony. ([Filing No. 61 at 3](#).) "[I]n both her deposition and her affidavit, [Thomas] testified that she was focused on the customer and not the extension cord near her feet." *Id.*

Thomas argument is well taken. The last four paragraphs of her affidavit were not fabricated to manufacture an issue of fact in this case, they are consistent with testimony she gave at her deposition. If the portion of Thomas's deposition testimony she relies on is inconsistent with the portion Menard relies on, Menard had the opportunity to resolve that ambiguity at the deposition. The Court declines to strike Thomas's affidavit and Menard's Motion to Strike is **denied**.

B. **Menard's Motion for Summary Judgment ([Filing No. 40](#))**

In her Complaint, Thomas alleges that Menard was negligent. ([Filing No. 1-1](#).) The elements of negligence in Indiana are (1) a duty owed by the defendant, (2) a breach of that duty, (3) a compensable injury to the plaintiff, and (4) causation. *Ryan v. TCI Architect/Eng'rs/Contractors, Inc.*, 72 N.E.2d 908, 913 (Ind. 2017). Premises liability cases are divided by the status of the plaintiff, who the law either classifies as a trespasser, a licensee, or an invitee. *Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991). All parties in this case agree that Thomas was a business invitee of Menard. ([Filing No. 41 at 5-6](#); [Filing No. 55 at 10](#).) It is clear that, with all disputed facts assumed in her favor, Thomas's claim satisfies the first, third, and

fourth elements of negligence—Menard owed a duty to Thomas[1] and, if a breach occurred, Thomas sustained an injury stemming from that breach. But Menard claims it did not breach its duty to Thomas.

Indiana follows the Restatement (Second) of Torts, which explains a landowner's duty in cases like this:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.
>
> ***
>
> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Restatement (Second) of Torts, Sections 343 and 343A(1). A condition is "obvious" under Section 343A if both the condition and the risk are apparent to, and would be recognized by, a reasonable person in the position of the visitor exercising ordinary perception, intelligence, and judgment. Restatement § 343A, cmt. b.

It is the last paragraph, from section 343A(1) of the Restatement, that the parties focus on. Menard claims it did not breach its duty to Thomas. It argues that three undisputed facts prevent a

---

[1] Menard's brief confounds the Court on this point. Menard "does not dispute Plaintiff's status as an invitee on the Menard's premises," but argues that "Plaintiff lacks evidence to meet her burden of proof that Menard's owed a duty or breached a duty regarding the extension cord." (Filing No. 41 at 6.) But Menard certainly owed a duty to Thomas, as all Indiana landowners do to all invitees. By admitting Thomas was an invitee on its land, Menard admits it owed her a duty. *Burrell* at 639 ("a landowner owes the highest duty to an invitee: a duty to exercise reasonable care for his protection while he is on the landowner's premises"). The dispute highlighted in Menard's brief centers on what that duty was and whether it was breached in this case.

7

finding of liability in this case: (1) Thomas placed the extension cord and knew of its location, (2) she realized the danger of tripping over the cord, and (3) she took specific action to avoid the danger. ([Filing No. 41 at 5](#).) Menard argues that the hazard presented by the extension cord was known and obvious to Thomas because she was the person that placed the cord in a dangerous position. Moreover, she demonstrated that she had knowledge of the hazard by consciously stepping over the cord with her right foot, only to inexplicably drag her left foot on the floor and trip over the cord.

The Indiana Supreme Court has said that whether a risk is obvious is a question that can be resolved at summary judgment. *Roumbos v. Samuel G. Vazanellis & Thiros and Stracci, PC*, 95 N.E.3d 63, 67 (Ind. 2018). And this Court finds as a matter of law that the hazardous condition on Menard's land—the extension cord laying across the threshold of the guard shack—was both known and obvious to Thomas. Thomas placed the cord there with full knowledge that she would use that door regularly to check customers out of the lumber yard, and neither party claims otherwise.

But that does not end the Court's inquiry. The Restatement contains an exception in cases where the landowner "should anticipate the harm despite such knowledge or obviousness." Restatement § 343A(1).[2] Thomas does not dispute that she knew the cord posed a hazard, but rests on this exception. Thomas cites Restatement (Second) of Torts § 343A, Comment f, which says

> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it …. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. It is not,

---

[2] Indiana Courts recognize this exception. *See, e.g., Rhodes v. Wright*, 805 N.E.2d 382, 388 (Ind. 2004) ("And, the obviousness of any danger still would not resolve the issue. If Defendants were able to anticipate any potential harm, they may have been required to take some action to prevent it.").

> however, conclusive in determining the duty of the possessor, or whether he has
> acted reasonably under the circumstances.

Thomas focuses on the landowner's duty when he has a reason to expect that the invitee's attention may be distracted, and he will fail to protect himself from the hazard. Thomas points out that Menard knew she would need to exit and enter the guard shack through that door to check customers in and out, and when she was doing that she might be looking at the customers or at the tablet she was required to carry instead of at the floor. (Filing No. 55 at 14-16.) Menard responds that "Plaintiff's arguments go beyond reasonable care and assert that Menard's should have been a complete insurer of her safety, which is contradictory to well-established Indiana law." (Filing No. 58 at 3 (citing *Robertson Bros. Dep't Store, Inc. v. Stanley*, 90 N.E.2d 809, 911 (Ind. 1950)).

The Court cannot say as a matter of law that, despite the obviousness of the hazard and Thomas's knowledge of it, Menard should not have anticipated the harm that occurred in this case. The facts of this case are similar to one of the illustrations offered in the Restatement:

> Through the negligence of A Grocery Store a fallen rainspout is permitted to lie across a footpath alongside the store, which is used by customers as an exit. B, a customer, leaves the store with her arms full of bundles which obstruct her vision, and does not see the spout. She trips over it, and is injured. If it is found that A should reasonably have anticipated this, A is subject to liability to B.

Restatement § 343A(1), illustration 4. Like the grocery store in the illustration, Menard permitted a tripping hazard to lie across the exit of one of its buildings. And like B, the customer, Thomas was distracted when exiting because of things that might have been foreseeable to the landowner—in the illustration, carrying handfuls of groceries, in this case, looking at customers leaving the lumber yard or the tablet she used to check them out. Liability depends on whether Menard "should reasonably have anticipated this" series of events. The Court cannot say as a matter of law that Menard should not have. In other words, taking the facts as Thomas recites them and construing all inferences in her favor, the Court believes a reasonable jury could find that Menard should have

9

anticipated Thomas might have fallen and hurt herself, and thus it breached its duty to mitigate the tripping hazard.

The Court cannot say as a matter of law whether Menard should have anticipated that Thomas might be distracted by the tasks associated with her job responsibilities and therefore trip over the dangerous condition that she created. That is a question for the factfinder.[3] Because the Court does not find as a matter of law that Menard did not breach its duty of reasonable care to Thomas, Menard's Motion for Summary Judgment is **denied**.

C.      **Securitas' Motion for Summary Judgment ([Filing No. 42](Filing No. 42))**

Menard contracted with Securitas to provide security services at the Menard's store in Camby. ([Filing No. 19-2](Filing No. 19-2).) The contract includes a section called "DEFENSE, HOLD HARMLESS, AND LIMITATION OF LIABILITY" that reads, in part:

> [Securitas] shall Indemnify, hold harmless and defend (controlling such defense) Menards, its agents and Its employees from any liability, damages, expenses, claims, demands, actions or causes of action, including reasonable attorney fees, in connection with [Securitas]'s performance of this agreement, whether such liability, damages, expenses, claims, demands, actions or causes of action are caused by [Securitas], its employees, Its subcontractors, or their agents or employees, or any persons acting on their behalf (each a "Claim"), **but only to the extent that any such Claims are caused by the negligence, willful misconduct, or other fault (Including, but not limited to, breach of this Agreement) of [Securitas], Its employees or agents.**

*Id.* at 4 (emphasis added). In its Third-Party Complaint, "Menard seeks contractual indemnification for Plaintiff's alleged injuries based upon the terms of the contract as Securitas promised to be liable for any loss incurred due to the failure of company employees to perform their duties or negligently perform their duties under the agreement." ([Filing No. 19 at 3](Filing No. 19 at 3).)

---

[3] "Although the existence of a duty is a matter of law for the court to decide, a breach of duty, which requires a reasonable relationship between the duty imposed and the act alleged to have constituted the breach, is usually a matter left to the trier of fact." *Mangold ex rel. Mangold v. Indiana Dep't of Natural Res.*, 756 N.E.2d 970, 975 (Ind. 2001); *See also, Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1015 (7th Cir. 2000).

Securitas seeks summary judgment on that claim. (Filing No. 42.) It argues that any fault attributed to Securitas or Thomas will be subtracted from the damages award in this case under the Indiana Comparative Fault Act's apportionment scheme.[4] In other words, because the Indiana Comparative Fault Act precludes Thomas from recovering any damages she sustained from her own negligence, and Securitas indemnified Menard "only to the extent that any such claims are caused by the negligence, willful misconduct, or other fault" of Securitas or its agents or employees, the parties' indemnification clause is inconsequential in this case. (Filing No. 19-2 at 4.) Securitas argues that any fault attributed to Menard will be based solely on Menard's own negligence, and thus any damages it owes from the portion of harm it contributed are not recoverable under the contract. (Filing No. 43 at 5.)

Menard makes two arguments in opposition. (Filing No. 50.) First, it claims that the contract clearly and unambiguously requires Securitas to indemnify Menard for any claim caused by Securitas employees. *Id.* at 4-5. Second, it argues, as it did in its own summary judgment motion, that Thomas's injuries were caused solely by her own negligence. *Id.* at 5-7.

Menard's response brief does not address Securitas's main argument directly. Securitas agrees with Menard—as does the Court—that the contract is clear and unambiguous. But Securitas contends that the clear and unambiguous language of the contract does not require Securitas to indemnify Menard for Menard's own negligence. (Filing No. 57 at 3.) Menard does not rebut that contention, nor does it address the Indiana Comparative Fault Act, the basis of Securitas's motion for summary judgment.

---

[4] Indiana Code § 34-51-2-5 states: "In an action based on fault, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery except as provided in section 6 of this chapter." Section 6 states, in relevant part: "In an action based on fault that is brought against: (1) one (1) defendant; or (2) two (2) or more defendants who may be treated as a single party; the claimant is barred from recovery if the claimant's contributory fault is greater than the fault of all persons whose fault proximately contributed to the claimant's damages."

Menard attempts to argue, as it did in its own summary judgment brief, that Thomas's own negligence was the sole cause of her injuries. ([Filing No. 50 at 5-7](Filing No. 50 at 5-7).) But the Court denied Menard's motion for summary judgment because it cannot say as a matter of law that Menard did not breach its duty of reasonable care. Moreover, even if the Court did find that Menard was not at fault, that finding would have no effect on Menard's complaint against Securitas.

The point of Securitas's motion is that if, as Menard argues, Thomas is entirely at fault for her own injuries, Menard will not be able to invoke the indemnification clause of the contract because it will not owe any damages that Securitas could indemnify it for. Regardless of what percentage of fault is ultimately allocated to Menard in this case, the indemnification clause will not come into play. If the factfinder ultimately determines that Thomas is more than 50% at fault for her injuries, Indiana Code § 34-51-2-5 precludes recovery in this case, so Menard would owe nothing in damages. If the factfinder determines that Thomas is less than 50% at fault for her injuries, whatever damages Menard owes would be reduced by the percentage of fault the factfinder allocates to Thomas under Indiana Code § 34-51-2-6. This reduction in damages would completely overlap with the parties' indemnification clause. The indemnification clause only indemnifies Menard for damages it incurs due to Securitas's negligence, but the Indiana Comparative Fault Act already ensures it will not incur damages for Securitas's negligence.

On the undisputed facts, Menard is not entitled to indemnification under its contract with Securitas because the Indiana Comparative Fault Act already ensures it will not pay any damages beyond those owed due to Menard's own negligence. Therefore, the Court **GRANTS** Securitas's Motion for Summary Judgment. ([Filing No. 42](Filing No. 42).)

## IV. CONCLUSION

For those reasons, Menard's Motion to Strike (Filing No. 59) is **DENIED**. Menard's Motion for Summary Judgment (Filing No. 40) is also **DENIED**. Securitas's Motion for Summary Judgment (Filing No. 42) is **GRANTED**. Because this order resolves Menard's Third-Party Complaint against Securitas, Securitas is dismissed as a party. Menard shall take nothing from its Third-Party Complaint.

This matter remains scheduled for trial on October 21, 2109 on Thomas' negligence claim against Menard.

**SO ORDERED.**

Date: 8/30/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jessica N. Hamilton
KOPKA PINKUS DOLIN PC (Carmel)
jnhamilton@kopkalaw.com

Robert D. King, Jr.
LAW OFFICE OF ROBERT D. KING, JR, P.C.
rking@robertkinglaw.com

John D. Papageorge
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
jpapageorge@taftlaw.com

Leslie B. Pollie
KOPKA PINKUS DOLIN PC (Carmel)
lbpollie@kopkalaw.com

David Ray Thompson
LAW OFFICE OF ROBERT D. KING, JR., P.C.
dthompson@robertkinglaw.com